UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF

THOMAS CURT STEPHENS, AND
KELLEY MARIE STEPHENS,

    Debtors.

_____/

THOMAS J. BUDZYNSKI,

    Plaintiff-Appellant,

v.                                                                                           Case No. 10-12704
                                                                                     HON. AVERN COHN

THOMAS CURT STEPHENS, AND
KELLEY MARIE STEPHENS,

    Defendants-Appellees.

_____/

**MEMORANDUM AND ORDER
AFFIRMING THE DECISION OF THE BANKRUPTCY COURT**[1]

**I. Introduction**

    This is a bankruptcy appeal. Before the Court is Creditor-Appellant's (Budzynski) appeal seeking reversal of the bankruptcy court's dismissal of his second amended complaint on grounds that Budzynksi failed to properly plead his 11 U.S.C. § 523 (a)(2)(a) debt discharge exception claim. The bankruptcy court also held that Budzynski waived his attorney's lien claim because he failed to respond to the Stephens' motions related to this

---

[1] The Court originally scheduled this matter for hearing. However, at plaintiff-appellant's request, the Court will now decide this matter on the parties' papers. See E.D. Mich. LR 7.1(f)(2).

claim. For the reasons that follow, the bankruptcy court's decision will be affirmed.

**II. Background**

A. Factual and Procedural Background

The facts are set forth in parties' papers, many of which are repeated here. On December 30, 2009, the Stephens' filed for Chapter 7 relief. In doing so, the Stephens' listed an unsecured debt in the amount of $51,919.77, owed to Budzynski for legal fees awarded during a previous Chapter 11 case in which Budzyski represented the Stephens'.

Attempting to collect the unpaid fees, Budzynski filed an adversary proceeding in bankruptcy court seeking to have the Stephens' unpaid legal fees declared as a secured debt and nondischargeable. Particularly, Budzynski's complaint cited a retainer agreement, under which Budzysnski said a consensual lien on the Stephens' assets was agreed to, thus, creating a secured debt. Budzynski further asserted in the complaint that the Stephens' falsely represented in the retainer agreement that they would pay Budzyski's legal fees by March 22, 2004. Because of this false representation, Budzynski's complaint sought to have the debt declared nondischargeable.

On cross-motions for partial summary judgment on the issue of whether the debt was a secured debt, the bankruptcy court conducted a hearing on April 12, 2010, and found in favor of the Stephens', holding that Budzynski did not have an attorney's lien on the Stephens' rental income and dismissing the claim.

Budzynski filed a second amended complaint on April 22, 2010, in which he restated that he held a lien on the Stephens' rental income. Budzynksi also reasserted that the Stephens' obtained his legal services through fraud and misrepresentation, claiming that

2

they never intended to pay for his services.

The Stephens' then filed a motion to dismiss Budzynski's second amended complaint on the grounds that Budzynski failed to plead the § 523 (a)(2)(a) reliance and causation elements, particularly, that he relied on the Stephens' alleged false statements, or that the statements caused his loss. The bankruptcy court agreed with the Stephens' and dismissed Budzynski's second amended complaint. Particularly, the court stated that Budzynski's complaint failed to "identify the allegedly false statements made by the debtors . . . [and] also fail[ed] to allege reliance upon the representations or that the reliance was the cause of his loss." Finally, because Budzynski did not respond to the Stephens' motion to dismiss Budzynski's lien claim, the lien claim was deemed waived and dismissed.

## B. Budzynski's Appeal

Budzynski now appeals the bankruptcy court's dismissal. Budzynski claims that the bankruptcy court erred in dismissing his 11 U.S.C. § 523 (a)(2)(a) claim. Budzyski also reasserts his claim that he holds a security interest in the Stephen's property rental income.

## III. Standard of Review

The district court sits as an appellate court for the decisions of the bankruptcy court. 28 U.S.C. § 158. The district court reviews factual findings made by a bankruptcy judge for clear error, which requires the appellant to demonstrate "the most cogent evidence of mistake of justice." Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs.), 106 F.3d 1255, 1259 (6th Cir. 1997). Conclusions of law are reviewed de novo. Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1023 (6th Cir. 2001); see also Lopez v. Donaldson (In re Lopez), 292 B.R. 570, 573 (E.D. Mich. 2003).

## IV. The Law

A. 12(b)(6) Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).

Further, "[a]verments of fraud must be stated with particularity." Coffey v. Foamex L.P., 2 F.3d 157, 162 (6th Cir. 1993). Under Fed. R. Civ. P. 9(b) and Fed. R. Bankr. Proc. 7009, "the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud." Bell v. Bell, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. 1997).

B. Debt Discharge Exception

Under 11 U.S.C. § 523(a)(2)(A), a creditor must prove the following elements in order to except a debt from discharge:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
> (2) the debtor intended to deceive the creditor;
> (3) the creditor justifiably relied on the false representation; and
> (4) its reliance was the proximate cause of loss.

In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998).

In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. Id. at 281 (citing Grogan v. Garner, 498 U.S. 279, 291 (1991)). Further, exceptions to discharge are to be strictly construed against

4

the creditor.  Id. (citing Manufacturer's Hanover Trust v. Ward (In re Ward), 857 F.2d 1082, 1083 (6th Cir.1988)).

### C.  Attorney's Lien

"An attorneys' lien can be one of two kinds: (1) a general, retaining, or possessory lien, or (2) a special, particular, or charging lien."  George v. Gelman, 201 Mich.App. 474, 476 (1993).  "A general or retaining lien is the right to retain possession of all documents, money, or other property of the client until the fee for services is paid."  Id.  "The special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit."  Id.; see also Kasben v. Dery, 174 Fed. Appx. 955, 961 (6th Cir. 2006).  "The attorneys' charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services."  Id.

"In Michigan, direct attachment of a debtor's real estate is disfavored."  Id. at 477.  Further, "an attorneys' charging lien for fees may not be imposed upon the real estate of a client, even if the attorney has successfully prosecuted a suit to establish a client's title or recover title or possession for the client."  Id. at 478.  An exception exists when "(1) the parties have an express agreement providing for a lien, (2) the attorney obtains a judgment for the fees and follows the proper procedure for enforcing a judgment, or (3) special equitable circumstances exist to warrant imposition of a lien."  Id. at 478.  However, a court order is not sufficient to enforce an attorney's charging lien against real property "because such an order constitutes a statutory judicial lien on the real property, not an attorneys' lien."  Id. n.1; see also M.C.L. § 552.13(1).

### **V. Discussion**

### A.

The first issue on appeal is whether the bankruptcy court erred in dismissing Budzynski's claim that the legal fees owed to him by the Stephens' are nondischargeable under the 11 U.S.C. § 523 (a)(2)(a) fraud exception.

Budzynski asserts that he sufficiently pled the § 523 (a)(2)(a) claim because in his complaint he asserted that he relied on the Stephens' promises to pay and their financial representations during their bankruptcy proceedings, and that this reliance caused him to lose expected legal fees. The bankruptcy court, on the other hand, held that Budzynksi's second amended complaint failed to state a claim because it did not identify specific false statements made by the Stephens' or reliance on the statements by Budzynski as causing his loss.

The Court agrees that Budzynski's second amended complaint does not state with specificity any material representations made by the Stephens' that the Stephens' knew were false or that they made with gross recklessness to the truth, as required by § 523 (a)(2)(a) for a finding a nondischargeability. While Budzynski's complaint does state in general terms that the Stephens' reorganization plan may have given him justification to reasonably rely on payment of his legal fees, Budzynski does not show by a preponderance of the evidence specific statements showing false representations and actual fraud that rise to the level required by Bell. Thus, the bankruptcy court did not error in dismissing Budzynski's complaint.

B.

Next, Budzynski appeals the bankruptcy court's finding that Budzynksi waived his attorney lien claim, reasserting that he does have an attorney's lien against the Stephens'

6

property rental income, which would allow him to collect his unpaid legal fees. The bankruptcy court determined that because Budzynski failed to respond to Stephens' motion to dismiss on the lien claim, it was waived. The Court agrees that failure to preserve an issue on appeal waives the issue. The Court further finds that Budzynski's assertion fails on the merits.

Particularly, Budzynski claims that he has a claim of interest on rental income from property owned by the Stephens' estate at time of their Chapter 11 reorganization. In support of his claim, Budzynski relies on his retainer agreement with the Stephens', which states that Budzynski "shall be entitled to an attorney's lien on any asset owed or due to the Client" (Doc. 20-2), and an order entered by the bankruptcy court, which states that Budzynski is owed $51,740.99 because of the services he performed during the Stephens' Chapter 11 reorganization. (Doc. 20-1). Budzynski also relies on a notice of claim that he filed in the Macomb County Clerk's Office against a property owned by the Stephens'. (Doc. 20-3). Budzynski says that the court order and notice of claim establish his claim of right on the property. Thus, Budzynski says he is entitled to rental income collected from the property in the amount of $50,000. The Court disagrees.

Michigan law and the agreement between Budzynksi and the Stephens' stand for the proposition that Budzynski is entitled to assets obtained by, or which belong to, the Stephens as a result of Budzynski's legal services. See Gelman, supra; see also Kasben v. Dery, supra. Here, however, the Stephen's rental property was not obtained as a result of Budzynski's representation. Rather, Budzynski's representation of the Stephens was limited to their bankruptcy proceedings, which involved the rental property only to the extent that it was included in their asset reorganization plan. Thus, the rental income was not

7

earned as a result of Budzynski's services and Budzynski cannot establish an attorney's lien against it.

## VI. Conclusion

For the aforementioned reasons, the bankruptcy court's decision is AFFIRMED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: October 26, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 26, 2010, by electronic and/or ordinary mail.

      S/Michael Williams
      Relief Case Manager, (313) 234-5160